BRENT P. LORIMER (USB 3731)
Email: blorimer@wnlaw.com
CHAD E. NYDEGGER (USB 9964)
Email: cnydegger@wnlaw.com
WORKMAN │ NYDEGGER APC
60 East South Temple, Suite 1000
Salt Lake City, UT  84111
Telephone:  (801) 533-9800

Patrick J. McElhinny, *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
**K&L Gates LLP**
210 Sixth Avenue
Pittsburgh, PA 15222
(412) 355.6500

Eric C. Rusnak, *pro hac vice pending*
eric.rusnak@klgates.com
**K&L Gates LLP**
1601 K Street, NW
Washington, DC 20006
(202) 778.9000

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| HAND HELD PRODUCTS, INC., d/b/a, HONEYWELL SCANNING & MOBILITY, INTERMEC TECHNOLOGIES CORPORATION, and INTERMEC IP CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> THE CODE CORPORATION <br> Defendant. | Civil Action No. 2:17-cv-00820-DN <br><br> **PLAINTIFFS' MOTION TO RETRANSFER CASE TO SOUTH CAROLINA** |

# **TABLE OF CONTENTS**

Page

I.     STATEMENT OF RELIEF SOUGHT ...................................................................1

II.    INTRODUCTION ................................................................................................1

III.   FACTUAL AND PROCEDURAL BACKGROUND....................................................3

IV.    LEGAL STANDARDS ON MOTIONS TO RETRANSFER .........................................7

V.     LEGAL ARGUMENT .........................................................................................8

       A.     USING EQUITY TO REWRITE RULE 12 WAS CLEAR LEGAL ERROR. .........................8

              1.     CODE WAIVED ITS OBJECTIONS TO VENUE..................................8

              2.     THE EXCUSAL OF CODE'S WAIVER WAS CLEAR LEGAL ERROR.................10

       B.     HONEYWELL ESTABLISHED PROPER VENUE IN SOUTH CAROLINA. .......................12

VI.    CONCLUSION..................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Doering ex rel. Barrett v. Copper Mountain, Inc.*,
    259 F.3d 1202 (10th Cir. 2001) ...................................................................15

*The Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd.*,
    No. 16 C 6097, slip. op., Doc. No. 407, at *2–*3 (N.D. Ill. June 28, 2017),
    *mandamus denied sub nom., In re: Techtronic Indus. N. Am., Inc.,* No. 2017-
    125 (Fed. Cir. July 25, 2017) .......................................................................11

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)........................................................................................7

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
    928 F.2d 1509 (10th Cir. 1991) ..................................................................7, 8

*In re Cordis*,
    769 F.2d 733 (Fed. Cir. 1985).........................................................12, 13, 14

*CPG Products Corp. v. Mego Corp.*,
    214 U.S.P.Q. 129 (S.D. Ohio 1980)..............................................................14

*Fourco Glass Co. v. Transmirra Products Corp.*,
    353 U.S. 222 (1957)........................................................................................3

*Hospah Coal Co. v. Chaco Energy Co.*,
    673 F.2d 1161 (10th Cir. 1982) .....................................................................6

*Hunter v. Serv-Tech, Inc.*,
    No. CIV.A 07-9009, 2009 WL 2858089 (E.D. La. Aug. 28, 2009) ..............10

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979)........................................................................................8

*Mitrano v. Hawes*,
    377 f.2d 402 (4th Cir. 2004) ........................................................................13

*O'Hare Intern. Bank v. Lambert*,
    459 F.2d 328, 331 (10th Cir. 1972) ...............................................................6

*Raytheon Co. v. Cray, Inc.*,
    No. 2:15-CV-01554-JRG, 2017 WL 2813896 (E.D. Tex. June 29, 2017) ........12, 14

*Reebok Int'l Ltd. v. TRB Acquisitions LLC,*
    No. 3:16-cv-1618-SI, 2017 WL 3016034 (D. Or. July 14, 2017)...........................10

*Shelter-Lite, Inc. v. Reeves Brothers, Inc.,*
    356 F. Supp. 189 (N.D. Ohio 1973)...................................................14

*Stjernholm v. Peterson,*
    83 F.3d 347 (10th Cir.1996) .........................................................9

*In re TC Heartland LLC,*
    821 F.3d 1338 (Fed. Cir. 2016)......................................................3

*TC Heartland LLC v. Kraft Food Brands Group LLC,*
    137 S. Ct. 614 (2016) ......................................................... *passim*

*In re Telebrands Corp.,*
    824 F.3d 982 (Fed. Cir. 2016).......................................................6

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
    917 F.2d 1574 (Fed. Cir. 1990)......................................................3

*In re Verint Systems Inc. et al.,*
    No. 15-100 (Fed. Cir. Dec. 12, 2014) ...............................................7

*Westech Aerosol Corp. v. 3M Co.,*
    No. C17-5067-RBL, 2017 WL 2671297 (W.D. Wash. June 21, 2017)...................11

**Statutes**

28 U.S.C. §1400(b) .........................................................2, 3, 1

28 U.S.C. § 1404.................................................................1

28 U.S.C. § 1406.................................................................1

Fed. R. Civ. P. 12 .......................................................... *passim*

Fed. R. Civ. P. 54(b) .............................................................1

**Other Authorities**

5C Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND
    PROCEDURE § 1389, at 495-97 (3d ed. 2004)....................................5, 10

5C Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND
    PROCEDURE § 1391, at 512 (3d ed. 2004) .........................................10

iv

Debra C. Weiss, "SCOTUS Accepts Case That Could Limit Filing of Patent
    Cases in Friendly Jurisdictions," *ABA Journal* (Dec. 16, 2016), *available at*
    http://www.abajournal.com/news/article/scotus_accepts_case_that_could_limi
    t_could_limit_filing_of_patent_cases_in/..................................................................3

Dennis Crouch, "Goodbye E.D. Texas as a Major Patent Venue," *PatentlyO* (Dec.
    14, 2016), *available at* https://patentlyo.com/patent/2016/12/goodbye-patent-
    venue.html.....................................................................................................................3

Dennis Crouch, "TC Heartland LLC v. Kraft Foods Oral Arguments," *PatentlyO*
    (Apr. 2, 2017), *available at* https://patentlyo.com/patent/2017/04/heartland-
    kraft-arguments.html.....................................................................................................4

Matthew Bultman, "Justices Could Deal Blow to East Texas Patent Docket,"
    *Law360* (Dec. 15, 2016), *available at*
    https://www.law360.com/articles/873372/justices-could-deal-blow-to-east-
    texas-patent-docket .......................................................................................................3

Matthew Bultman, "Supreme Court Agrees to Hear Patent Venue Case," *Law360*
    (Dec. 14, 2016), *available at*
    https://www.law360.com/articles/872944/supreme-court-agrees-to-hear-
    patent-venue-case..........................................................................................................3

S. Gregory Herrman, "The Issues Justices Are Focusing On In TC Heartland,"
    *Law360* (Mar. 29, 2017), *available at*
    https://www.law360.com/articles/906019/the-issues-justices-are-focusing-on-
    in-tc-heartland ..............................................................................................................4

Scott Graham, "Patent Bar Braces for Game-Changing Supreme Court Case,"
    *Corporate Counsel* (Dec. 15, 2016), *available at*
    http://www.corpcounsel.com/id=1202774881070...................................................3

## I.    <u>STATEMENT OF RELIEF SOUGHT</u>

Plaintiffs Hand Held Products, Inc. d/b/a Honeywell Scanning & Mobility, Intermec Technologies Corporation and Intermec IP Corporation (collectively, "Plaintiffs" or "Honeywell") respectfully ask this Court to retransfer this case to the U.S. District Court for the District of South Carolina ("South Carolina District Court") in order to: (1) correct clear legal error; and (2) satisfy the conditions for appellate review of the transfer order.[1]

## II.    <u>INTRODUCTION</u>

The South Carolina District Court clearly erred when it ruled that equity allows district courts to disregard the unequivocal waiver provisions in Federal Rule of Civil Procedure 12. Defendant The Code Corporation ("Code") explicitly consented to venue in South Carolina in its original answer.  It also moved for judgment on the pleadings under Rule 12 without raising a venue objection.  Under Rule 12, each action independently waived Code's venue defenses.

Having admitted venue was proper, Code subsequently changed course and moved to transfer the South Carolina case for lack of venue.  Code claimed that the U.S. Supreme Court's recent re-affirmance of a 1957 decision on venue in patent cases constituted an "intervening change in the law," that excused its waiver.[2]  The South Carolina District Court did not decide whether there had been a change in law, but it recognized that "most courts to consider the issue have held *TC Heartland* does not qualify as an intervening change in the law."  The South Carolina District Court nonetheless held that, regardless whether there was a change in the law, it

---

[1] The Court has authority to retransfer this case pursuant to 28 U.S.C. §§ 1404 and 1406 and pursuant to its authority under Fed. R. Civ. P. 54(b) to revisit prior orders in this case.

[2] *See* Fed. R. Civ. P. 12(g)(2); 12(h)(1).

could exercise its equitable powers to excuse Code's waiver. No equitable exception to Rule 12's strong waiver provisions exists. Rule 12 has mandatory, explicit language, designed to remove ambiguity and discretion. It creates a simple rule that has no exceptions. Accordingly, the South Carolina District Court's transfer to this Court was based upon clear legal error, and this Court should retransfer this case to Honeywell's home jurisdiction, where Code admitted venue is proper.

The South Carolina District Court also committed clear legal error in holding that Honeywell had failed "to meet its burden to show venue is proper in South Carolina."[3] Honeywell satisfied its burden of making a *prima facie* showing of venue under 28 U.S.C. § 1400(b) by: (1) alleging that Code committed acts of infringement in South Carolina; and (2) demonstrating that Code has a permanent and continuous presence in South Carolina. Indeed, Code admitted facts establishing as much. For example, Code "sells products in South Carolina and [] advertises on its website that [Code] maintains a regional area manager for South Carolina, who can be contacted by current and prospective customers in this District for sales in this District."[4] Code sells the accused products to at least two large South Carolina hospitals through that regional area manager,[5] and Code confirmed that it "***regularly conducts*** business in the State of South Carolina and this judicial district."[6]

---

[3] (*See* Dkt. 63 at 7).

[4] (Dkt. 38, ¶ 26).

[5] (Dkt. 38, ¶ 27).

[6] (Dkt. 38, ¶ 11) (emphasis added).

### III.    FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2016, the U.S. Supreme Court granted TC Heartland, LLC's petition for writ of certiorari. The Supreme Court announced it would review the Federal Circuit's affirmation of its prior holding—in *VE Holding Corp. v. Johnson Gas Appliance Co.*,[7]—that that a defendant in a patent case "resides," for purposes of 28 U.S.C. § 1400(b) (the patent venue statute), in any district where it is subject to personal jurisdiction.[8] In its petition, TC Heartland had asked the Supreme Court to correct the Federal Circuit's mistaken reasoning and reaffirm its decades-old holding in *Fourco Glass Co. v. Transmirra Products Corp.*[9] Namely, TC Heartland asked the Supreme Court to confirm that corporation accused of patent infringement "resides" for venue purposes only in its state of incorporation.[10] The Supreme Court's grant of certiorari, and the strong possibility that it would reject the Federal Circuit's construction of the patent venue statute, was reported widely in the legal press.[11]

---

[7] [917 F.2d 1574](#) (Fed. Cir. 1990).

[8] *In re TC Heartland LLC*, [821 F.3d 1338](#) (Fed. Cir. 2016).

[9] [353 U.S. 222](#) (1957).

[10] *TC Heartland LLC v. Kraft Food Brands Group LLC*, [137 S. Ct. 614](#) (2016).

[11] *See, e.g.*, Matthew Bultman, "Supreme Court Agrees to Hear Patent Venue Case," *Law360* (Dec. 14, 2016), *available at* [https://www.law360.com/articles/872944/supreme-court-agrees-to-hear-patent-venue-case](https://www.law360.com/articles/872944/supreme-court-agrees-to-hear-patent-venue-case); Matthew Bultman, "Justices Could Deal Blow to East Texas Patent Docket," *Law360* (Dec. 15, 2016), *available at* [https://www.law360.com/articles/873372/justices-could-deal-blow-to-east-texas-patent-docket](https://www.law360.com/articles/873372/justices-could-deal-blow-to-east-texas-patent-docket); Debra C. Weiss, "SCOTUS Accepts Case That Could Limit Filing of Patent Cases in Friendly Jurisdictions," *ABA Journal* (Dec. 16, 2016), *available at* [http://www.abajournal.com/news/article/scotus_accepts_case_that_could_limit_could_limit_filing_of_patent_cases_in/](http://www.abajournal.com/news/article/scotus_accepts_case_that_could_limit_could_limit_filing_of_patent_cases_in/); Scott Graham, "Patent Bar Braces for Game-Changing Supreme Court Case," *Corporate Counsel* (Dec. 15, 2016), *available at* [http://www.corpcounsel.com/id=1202774881070](http://www.corpcounsel.com/id=1202774881070); Dennis Crouch, "Goodbye E.D. Texas as a Major Patent Venue," *PatentlyO* (Dec. 14, 2016), *available at* [https://patentlyo.com/patent/2016/12/goodbye-patent-venue.html](https://patentlyo.com/patent/2016/12/goodbye-patent-venue.html).

Honeywell filed its original complaint for patent infringement in the District of South Carolina—its home jurisdiction—on January 19, 2017, more than one month after the Supreme Court granted cert. in *TC Heartland*.[12]  Code filed its answer on March 24, 2017.[13]  In that answer, Code ***admitted*** that Honeywell's allegations established proper venue in South Carolina.[14]

In its answer, Code also admitted that it conducts business in South Carolina and that it sells accused products to customers in South Carolina, including to at least two major South Carolina medical facilities.[15]  Code also asserted counterclaims, in which it alleged that its presence in South Carolina dated back twenty years to Code's founding in Charleston, South Carolina.[16]  Simultaneously with its answer, Code also filed a motion on the merits:  it sought partial judgment on the pleadings under Fed. R. Civ. P. 12(c) based on the wording of Honeywell's Prayer for Relief.[17]  Having admitted that venue was proper in its answer, Code did not challenge or object to venue in its Rule 12 motion.

The Supreme Court heard argument on *TC Heartland* on March 27, 2017.  Again, this was reported on extensively in the legal press.[18]  Code did not seek to amend its answer or its

---

[12] (*See* Dkt. 1).

[13] (Dkt. 28).

[14] (Dkt. 28, ¶ 14 ("The Code Corporation admits that based on the allegations in the Complaint, venue may be established in this Court under 28 U.S.C. § 1391 and § 1400.")).

[15] (Dkt. 28, ¶ 27).

[16] (Dkt. 28, ¶ 182).

[17] (Dkt. 26).

[18] *See, e.g.*, S. Gregory Herrman, "The Issues Justices Are Focusing On In TC Heartland," *Law360* (Mar. 29, 2017), *available at* https://www.law360.com/articles/906019/the-issues-justices-are-focusing-on-in-tc-heartland; Dennis Crouch, "TC Heartland LLC v. Kraft Foods Oral Arguments,"

pending Rule 12 motion to challenge venue in South Carolina, which is the only way to avoid waiver.[19]

On April 11, 2017, the South Carolina District Court granted Code's motion for partial judgement on the pleadings and directed Honeywell to amend the Prayer for Relief in its original complaint.[20]  On April 14, 2017, Honeywell filed an amended complaint to address that narrow issue.[21]  Other than clarifying its Prayer for Relief to remove the term "and/or," Honeywell did not alter its allegations against Code in any way.

Code filed a new answer and counterclaims on April 27, 2017.[22]  For the first time, and despite its previous admission of proper venue, Code denied venue was proper in South Carolina. In a footnote, Code purported to "reserve[] its right to move for dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3) pending the Supreme Court's decision in *TC Heartland, LLC v. Kraft Foods Group Brands LLC,* No. 16-341….".[23]  Code also added several non-patent counterclaims, including tortious interference claims under South Carolina law.[24] These counterclaims are based, in part, on Code's allegation that John Waldron and Lisa

---

*PatentlyO* (Apr. 2, 2017), *available at* https://patentlyo.com/patent/2017/04/heartland-kraft-arguments.html.

[19] *See* 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1389, at 495-97 (3d ed. 2004).

[20] (*See* Dkt. 36 at pp. 1-2).

[21] (*See* Dkt. 37).

[22] (Dkt. 38).

[23] (Dkt. 38, ¶ 14 n.2).

[24] (Dkt. 38, ¶¶ 161-274).

London, both resident in South Carolina, purportedly made disparaging statements about Code and Code's products.[25]

On May 22, 2017, the U.S. Supreme Court issued its *TC Heartland* decision, rejecting the Federal Circuit's venue decision in *VE Holding* and reaffirming the applicability of *Fourco* to patent cases.[26]  Code did not promptly notify the South Carolina District Court of this decision, nor did it move to dismiss or transfer the action for improper venue.

Instead, on June 16, 2017, Code filed a declaratory judgment action in this Court. (Hereafter, the "DJ Action").[27]  The DJ Action pleads facts and claims that are virtually identical to Code's counterclaims; the only difference is that Code dropped its tortious interference claim under South Carolina law.  On June 19, 2017, after it had filed this duplicative lawsuit, Code filed a motion to dismiss the South Carolina case on the basis of improper venue or, in the alternative, to transfer that lawsuit to Utah.[28]

On July 18, 2017, the South Carolina District Court granted Code's motion to transfer.[29] The court acknowledged that a defendant waives its venue objection by failing to raise it in its

---

[25] (*See* Dkt. 38, ¶¶ 216, 221).

[26] *See TC Heartland*, 137 S. Ct. 614.

[27] *See The Code Corporation v. Hand Held Products, Inc., et al.,* Case No. 2:17-cv-00627-DAK-BCW, Dkt. 2.

[28] (*See* Dkt. 55).  Honeywell will be moving to dismiss the DJ Action under Rule 12(b)(2) and 12(b)(3) and the first-to-file rule, which "stands for the common sense proposition that, when two cases are the same or very similar, efficiency concerns dictate that only one court decide both cases."  *In re Telebrands Corp.,* 824 F.3d 982, 984 (Fed. Cir. 2016); *see also O'Hare Intern. Bank v. Lambert,* 459 F.2d 328, 331 (10th Cir. 1972) ("[W]here the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court."); *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir. 1982) (same).

[29] (*See* Dkt. 63).

first responsive pleading, and that every venue defense available to Code when it filed its amended answer had been available when it filed its original answer. The court further noted that the majority of district courts had held that *TC Heartland* is not an intervening change in the law that would create a general exception to waiver. Nevertheless, the South Carolina District Court held that waiver is an equitable doctrine, and the court could exercise its equitable powers to excuse Code's waiver under Rule 12.[30] The transfer was effected almost immediately, with this case being docketed in the District of Utah within minutes of the entry of the order of the South Carolina District Court.

## IV.    LEGAL STANDARDS ON MOTIONS TO RETRANSFER

A motion to retransfer is Honeywell's only path for correcting the clear legal error in the transfer order. Under Tenth Circuit and Federal Circuit precedent, the South Carolina District Court lost jurisdiction over the case—including the jurisdiction to correct errors in its transfer order—as soon as the District of Utah docketed the case.[31] Accordingly, to correct clear legal errors in the transfer order, and to secure appellate review via mandamus petition, "it is ordinarily the proper course for the party to ask the district court that currently maintains jurisdiction to retransfer the case to the transferor court."[32]

---

[30] (Dkt. 63 at 6).

[31] *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (holding that when files in a case "are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." (internal citations omitted)).

[32] *In re Verint Systems Inc. et al.,* No. 15-100 (Fed. Cir. Dec. 12, 2014), ECF 15 (attached hereto as **Exhibit A**); *see also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 819 (1988).

Because the transfer order from the South Carolina District Court is "law-of-the-case," this Court typically does not review it *de novo*, but this Court does have the authority and obligation to correct clear legal error and to prevent injustice.  As the Tenth Circuit has explained, "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order," but the law of the case "is an amorphous concept," and "[a] prior ruling of a transferor court therefore may be reconsidered when the governing law has been changed by the subsequent decision of a higher court, when new evidence becomes available, when a clear error has been committed, or to prevent manifest injustice."[33]

## V.    <u>LEGAL ARGUMENT</u>

Through its actions, Code waived its right to object to venue in South Carolina.  By excusing Code's waiver solely on "equitable" grounds, the South Carolina District Court committed clear legal error.  The South Carolina court compounded its error by disregarding Honeywell's *prima facie* showing of proper venue in South Carolina, which in the absence of an evidentiary hearing, should have been sufficient for Honeywell to satisfy its burden.

### A.    **Using Equity To Rewrite Rule 12 Was Clear Legal Error.**

#### 1.    <u>Code Waived Its Objections to Venue.</u>

Venue is a "personal privilege[] of the defendant" that a party can waive explicitly or through its failure to object pursuant to the Federal Rules of Civil Procedure.[34]  Code waived its

---

[33] *Chrysler*, <u>928 F.2d at 1516</u> (internal citations omitted)

[34] *Leroy v. Great W. United Corp.*, <u>443 U.S. 173</u>, 180 (1979); *see also* Fed. R. Civ. P. 12(g), (h).

privilege to raise a venue objection by admitting venue was proper and failing to challenge venue in its first motion to dismiss.[35]

It is undisputed that Code did not contest venue before or with its first responsive pleading.[36]  To the contrary, Code admitted to proper venue in its original answer.[37]  By doing so, Code waived its right to subsequently interpose a venue defense when responding to Honeywell's amended complaint, as the South Carolina District Court properly recognized.[38]

In addition to its express admission, Code filed a motion under Fed. R. Civ. P. 12 seeking judgment on the pleadings, but Code failed to include a venue objection.  This, too, waived Code's right to subsequently interpose a venue defense, as the South Carolina District Court properly recognized.[39]  Moreover, the South Carolina court correctly found that ***every venue defense*** available to Code when it filed its amended answer on April 27, 2017 had been available on March 24, 2017.[40]  Thus, Code could not contend that its waiver was excused because its venue defense was previously unavailable.  Further, despite the fact that it had belatedly sought

---

[35] *See Stjernholm v. Peterson,* 83 F.3d 347, 349 (10th Cir.1996) ("A party waives the right to challenge venue if he fails to raise that defense either in his responsive pleading or in a motion to dismiss….")

[36] (Dkt. 63, at 3).

[37] (*Id.*)

[38] (*See* Dkt. 63, at 3-4 ("Code later filed an amended answer in response to Honeywell's amended [complaint] that denies venue is proper, but amendment of the complaint does not revive the right to interpose defenses or objections which might have been made to the original complaint.") (*citing* 2A Moore's Federal Practice § 12.22) (internal quotation marks omitted)

[39] (*See* Dkt. 63 at 3 ("Defendants must raise improper venue in a motion made either before responsive pleading or as part of the responsive pleading, ***or the defense is waived.***")) (emphasis added).

[40] (Dkt. 63 at p. 4).

to reserve its "right" to revisit its venue objection pending the outcome of *TC Heartland*, a case that had been pending before the Supreme Court since this action began, Code never sought to amend its pending Rule 12 motion to include argument regarding improper venue, which is the only process for raising a defense omitted from a pending motion.[41]

### 2.    The Excusal of Code's Waiver was Clear Legal Error.

The South Carolina District Court wrongly held that, even though Code had waived its venue defenses under Rule 12, the court could rely on its equitable powers to overrule the text of Rule 12.[42]  This was clear legal error and is Honeywell's primary ground for seeking retransfer.

The waiver provisions in Rule 12(g)(2) and 12(h)(1) do not invoke, or leave room for, the U.S. District Courts' general equitable authority.  They set forth specific, mandatory rules designed to eliminate ambiguity and ensure uniform results.  The language of Rule 12(h)(1) is unmistakable:  a party "waives any defense listed in Rule 12(b)(2)-(5)" when it omits it from its first responsive pleading.[43]  Here, Code did not object to venue in its Rule 12 motion nor in its original answer.  It therefore it waived its right to raise that objection.

---

[41] *See* 5C Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1389, at 495-97 (3d ed. 2004); *see also Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-cv-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) (finding waiver where defendants had purported to reserve right to challenge venue, "demonstrating that they were cognizant of the venue defense issue," but failed to assert venue defense in their first answer or by way of motion to dismiss); *Hunter v. Serv-Tech, Inc.*, No. CIV.A 07-9009, 2009 WL 2858089, at *4 (E.D. La. Aug. 28, 2009) (holding that purported reservation--in initial Rule 12 motion--of right to challenge personal jurisdiction in a later motion was insufficient to prevent waiver under Rule 12)

[42] (Dkt. 63 at 6).

[43] Fed. R. Civ. P. 12(h)(1); *see also* Fed. R. Civ. P. 12(g)(2) (prohibiting any motion raising a defense that could have been raised in an earlier motion).  *See also generally* 5C Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1391, at 512 (3d ed. 2004) ("[T]he message conveyed by … Rule 12(h)(1) seems quite clear.  It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process.  If that party

The waiver provisions in Rule 12 allow for no equitable exceptions because the framers of the Rule designed it to overcome prior ambiguity that allowed inefficient motions practice.[44] Indeed, the Advisory committee notes are quite clear that there are no exceptions to Rule 12's waiver of all available venue defenses:  "Subdivision (g) has *forbidden* a defendant who makes a pre-answer motion . . . from making a further motion . . . .  Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is *barred* from making a further motion presenting the defense of improper venue . . . .".[45]  Here, Code admitted venue was proper and made a pre-answer motion that did not raise a previously available venue defense.  Its subsequent motion was therefore "forbidden" and "barred."  There is no equitable authority to overrule the plain language of Rule 12; the South Carolina District Court committed clear legal error in creating an equitable exception to Rule 12's requirements.[46]

---

wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made…").

[44] *See* Fed. R. Civ. P. 12 Advisory Committee's Note to 1996 Amendment (explaining that "[a]mended subdivision (h)(1)(A) eliminates the [prior rule's] ambiguity and states that certain specified defenses which were available to a party when he made a pre-answer motion, but which he omitted from the motion, *are waived*." (emphasis added)).

[45] *Id.* (emphasis added).

[46] Because it relied on its equitable powers, the South Carolina District Court recognized did not "determine whether *TC Heartland* qualifies for the intervening law exception to waiver."  (Dkt. 63 at pp. 4-5).  That court did recount, however, that "the clear trend … is to hold that *TC Heartland* is not an intervening change in the law."  *Id.*; *see also, e.g.*, *The Chamberlain Grp., Inc. v. Techtronic Indus. Co., Ltd.,* No. 16 C 6097, 2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017), *mandamus denied sub nom., In re: Techtronic Indus. N. Am., Inc.,* No. 2017-125 (Fed. Cir. July 25, 2017) ("[T]he Supreme Court in *TC Heartland* pulled no punches in reminding litigants that 'Congress has not amended § 1400(b) since this Court construed it in *Fourco*.'").  *But see, e.g., Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).

### B.    Honeywell Established Proper Venue in South Carolina.

An alternative basis for retransfer is that the South Carolina District Court wrongly held that Honeywell had failed "to meet its burden to show venue is proper in South Carolina."[47] This, too, was clear legal error.

The patent venue statute has two prongs.  Under the first prong, venue is proper where the defendant "resides."  Alternatively, venue is proper under the second prong where the defendant has committed acts of infringement and has a regular and established place of business.[48]  There is no serious dispute that Code has offered for sale, sold, and used the accused products in South Carolina. Code admitted that it "sells products in South Carolina,"[49] and "has sold barcode readers to the Medical University of South Carolina, in Charleston, South Carolina, and the Conway Medical Center in Conway, South Carolina."[50]  Thus, the first element of the second prong of Section 1400(b) is clearly satisfied.[51]

With respect to the second element of the second prong, in 1985, the Federal Circuit clarified that the appropriate analysis for a "regular and established place of business" is whether

---

[47] (Dkt. 63 at 7).

[48] 28 U.S.C. § 1400(b).

[49] (Dkt. 38 at ¶ 26).

[50] (Dkt. 38 at ¶ 27).

[51] *See, e.g.*, *Raytheon Co. v. Cray, Inc.,* No. 2:15-CV-01554-JRG, 2017 WL 2813896, at *4 (E.D. Tex. June 29, 2017) ("[C]ourts have consistently held that an allegation of infringement is itself sufficient to establish venue and the plaintiff is not required to demonstrate actual infringement by the defendant.") (internal quotation marks and citations omitted)

the defendant does business through a "permanent and continuous presence in the district," and there is no requirement of a fixed physical presence in the sense of a storefront.[52]

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a *prima facie* showing of venue."[53]  Honeywell made such *prima facie* showing.  Code's own admissions establish that Code has a permanent and continuous presence in South Carolina.  Code admitted that it "sells products in South Carolina and [] advertises on its website that [Code] maintains a regional area manager for South Carolina, who can be contacted by current and prospective customers in this District for sales in this District."[54]  Code also admitted that it sells its products to at least two large South Carolina hospitals through that regional area manager.[55]  Code itself also unequivocally confirmed that it "***regularly conducts*** business in the State of South Carolina and this judicial district."[56]  Indeed, in its counterclaims, Code alleged that its presence in South Carolina dates back to 1997 when Code was founded in Charleston, South Carolina.[57]  In addition, Code asserted a claim that Honeywell's actions in South Carolina tortiously interfered with Code's operations in South Carolina, in violation of ***South Carolina law***.[58]  These undisputed facts compel the conclusion

---

[52] *In re Cordis*, 769 F.2d 733, 737 (Fed. Cir. 1985).

[53] *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

[54] (Dkt. 38, ¶ 26).

[55] (Dkt. 38, ¶ 27).

[56] (Dkt. 38, ¶ 11) (emphasis added).

[57] (Dkt. 38, ¶ 182).

[58] (Dkt. 38, ¶¶ 264, 268).

that Code has a regular and established place of business in South Carolina under the "permanent and continuous presence" test.[59]

Ignoring this litany of admissions, the South Carolina District Court relied upon Code's untested affidavit, which claimed that Code does not have real property in South Carolina; it does not maintain South Carolina offices of physical facilities; it does not have a license to do business in South Carolina; and that Code only has one employee resident in the state.[60] The untested affidavit should not have impacted Honeywell's *prima facie* showing for at least three reasons.

*First*, the absence of real property, offices, or facilities owned, leased, or maintained by Code in South Carolina does not preclude a regular and established place of business in South Carolina.[61] *Second*, Code's argument that its single employee's residence in South Carolina "does not constitute a regular and established place of business" has been repeatedly considered and rejected.[62] *Third*, Code's alleged lack of license to conduct business in South Carolina is

---

[59] *Cordis*, 769 F.2d at 737.

[60] (Dkt. 63 at p. 7).

[61] *Cordis*, 769 F.2d at 737; *see also Raytheon*, 2017 WL 2813896, at *11 ("[A]s many courts have reasoned, including the court in *Cordis*, the lack of a physical building in the district is not dispositive.").

[62] *See, e.g.*, *Shelter-Lite, Inc. v. Reeves Brothers, Inc.*, 356 F. Supp. 189, 195 (N.D. Ohio 1973) ("an unyielding rule that a regular and established place of business cannot arise by virtue of a salesman operating out of his residence is at odds with the practicalities and necessities of the business community"); *CPG Products Corp. v. Mego Corp.*, 214 U.S.P.Q. 129 (S.D. Ohio 1980) (finding venue proper where agent was "physically within the district carrying out a substantial part of his employer's business on a regular and permanent basis"); *Raytheon*, 2017 WL 2813896, at *23 and n. 9 (holding any type of physical presence, including "an employee, an independent contractor, an agent, or otherwise" favors a finding of venue).

irrelevant in light of its admission that it "regularly conducts business in the State of South Carolina and [the District of South Carolina]."[63]

Thus, the South Carolina District Court clearly erred in relying on Code's affidavit. Moreover, in the absence of jurisdictional discovery and an evidentiary hearing, the issues raised in Code's affidavit cannot overcome Honeywell's strong *prima facie* showing of Code's permanent and continuous business activities in South Carolina.[64]  Honeywell established proper venue in South Carolina, Code conceded venue in South Carolina was proper in its initial answer, and Code invoked South Carolina law and its long history in South Carolina in its counterclaims.  Accordingly, in the absence of any evidentiary hearing on the issue of jurisdiction, that *prima facie* case must carry the day.  The South Carolina District Court's finding to the contrary—which did not even address the *prima facie* standard—was clear legal error.

## VI.    **CONCLUSION**

For the reasons set forth above, Honeywell respectfully asks the Court to grant its motion to retransfer.

---

[63] (Dkt. 38 at ¶ 11).

[64] *See Doering ex rel. Barrett v. Copper Mountain, Inc.,* 259 F.3d 1202, 1210 (10th Cir. 2001) ("Because the district court did not hold an evidentiary hearing, the [plaintiffs] are only required to make a *prima facie* showing to defeat [defendant's] motion to dismiss, or alternatively, motion to transfer the case.")

Dated: August 15, 2017                 Respectfully submitted,

                                       /s/ Brent P. Lorimer
                                       BRENT P. LORIMER (USB 3731)
                                       Email: blorimer@wnlaw.com
                                       CHAD E. NYDEGGER (USB 9964)
                                       Email: cnydegger@wnlaw.com
                                       WORKMAN | NYDEGGER APC
                                       60 East South Temple, Suite 1000
                                       Salt Lake City, UT  84111
                                       Telephone:  (801) 533-9800

                                       Patrick J. McElhinny, *pro hac vice*
                                       patrick.mcelhinny@klgates.com
                                       Mark G. Knedeisen, *pro hac vice*
                                       mark.knedeisen@klgates.com
                                       **K&L Gates LLP**
                                       K&L Gates Center
                                       210 Sixth Avenue
                                       Pittsburgh, PA 15222
                                       (412) 355.6500

                                       Eric C. Rusnak, *pro hac vice pending*
                                       eric.rusnak@klgates.com
                                       **K&L Gates LLP**
                                       1601 K Street, NW
                                       Washington, DC 20006
                                       (202) 778.9000

                                       Ranjini Acharya, *pro hac vice*
                                       ranjini.acharya@klgates.com
                                       **K&L Gates LLP**
                                       630 Hansen Way
                                       Palo Alto, CA 94304
                                       (650) 798.6700

                                       *Attorneys for Plaintiffs Hand Held Products, Inc. d/b/a*
                                       *Honeywell Scanning & Mobility, Intermec Technologies*
                                       *Corporation, and Intermec IP Corporation*