IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HAND HELD PRODUCTS, INC., d/b/a HONEYWELL SCANNING & MOBILITY, INTERMEC TECHNOLOGIES CORPORATION, and INTERMEC IP CORPORATION,<br><br>Plaintiffs,<br>v.<br><br>THE CODE CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [98] PLAINTIFFS' MOTION TO RETRANSFER CASE TO THE DISTRICT OF SOUTH CAROLINA**<br><br>Case No. 2:17-cv-00820-DN<br><br>District Judge David Nuffer |

The District of South Carolina transferred this case to the District of Utah[1] on a motion to transfer by defendant, The Code Corporation ("Code").[2] Plaintiffs Hand Held Products, Inc., d/b/a Honeywell Scanning & Mobility, Intermec Technologies Corporation, and Intermec IP Corporation (collectively "Honeywell"), have filed a motion to retransfer the case back to the District of South Carolina (the "Motion to Retransfer").[3] Honeywell argues that the District of South Carolina committed clear legal error by permitting Code to assert an improper venue defense after that defense was waived in Code's answer to the complaint.[4] The decision of the District of South Carolina is the law of the case. Venue is proper in Utah, and no manifest injustice results from proceeding in this district. Therefore, the Motion to Transfer is denied.

---

[1] Order and Opinion Granting Motion to Transfer ("Transfer Order"), docket no. 63, filed July 18, 2017.

[2] Motion to Transfer, docket no. 55, filed June 19, 2017.

[3] Plaintiffs' Motion to Retransfer Case to South Carolina ("Motion to Retransfer"), docket no. 98, filed August 15, 2017.

[4] Motion to Retransfer at 8–10.

**DISCUSSION**

A motion to retransfer is analyzed differently from a motion to transfer. "Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer."[5] As the transferee court, the District of Utah may reconsider a prior ruling of the transferor court, the District of South Carolina, on limited bases.[6] The District of South Carolina's decision to transfer is the law of the case.[7] "[The law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[8] Federal courts routinely apply the law-of-the-case doctrine to transfer decisions of transferor courts; indeed, the purposes of the doctrine are "especially salient in the context of transfer decisions," where review by a transferee court would threaten "to send litigants into a vicious circle of litigation."[9]

Nevertheless, the law of the case is not ironclad. Under Supreme Court and Tenth Circuit precedent, "it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous *and* would work a manifest injustice."[10] Honeywell moves to retransfer on this basis.[11] In responding to the complaint, Code admitted that venue was proper in the District of

---

[5] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991).

[6] *Id.* at 1516.

[7] *Id.*

[8] *Arizona v. California*, 460 U.S. 605, 618 (1983).

[9] *FMC Corp. v. U.S. E.P.A.*, 557 F.Supp.2d 105, 109 (D.D.C. 2008) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

[10] *Arizona*, 460 U.S. at 618, fn.8 (emphasis added) (citing *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967)). These cases, on which the Tenth Circuit relied in *Chrysler*, 928 F.2d at 1516, clarify that clear error is a basis for departing from the law of the case when not doing so would work a manifest injustice.

[11] Motion to Retransfer at 8–10.

South Carolina,[12] which waives Code's venue defense under Rules 12(b)(2)[13] and 12(h)(1).[14] Honeywell argues that the District of South Carolina committed clear error by permitting Code to assert improper venue as a defense after that defense was waived.[15]

The Motion to Retransfer can be decided without reconsidering whether Code waived its venue defense. As the District of South Carolina reasoned, transfer to the District of Utah achieves an equitable result.[16] Venue is proper in Utah but not in South Carolina.[17] Because Code is not incorporated in South Carolina,[18] venue is proper in South Carolina only if Code has "a regular and established place of business" in the forum.[19] Code offered sworn evidence "(1) that it neither owns nor leases real property in South Carolina, (2) that it maintains no offices, facilities, or distribution centers in South Carolina, (3) that it is not licensed to do business in South Carolina, (4) that its sales representative for South Carolina is not resident in South Carolina, and (5) that it has only a single employee in South Carolina, who works from his home, who has no inventory stock, and who was only hired in December 2016." Utah is Code's principal place of business.[20] Proceeding in the District of Utah, where venue is proper, would not work a manifest injustice.[21] Therefore, the Motion to Retransfer is denied.

---

[12] Answer and Counterclaims ¶ 14, docket no. 28, filed March 24, 2017.

[13] Fed. R. Civ. P. 12(b)(2).

[14] Fed. R. Civ. P. 12(h)(1).

[15] Motion to Retransfer at 8–10.

[16] Transfer Order at 6.

[17] *Id.* at 9.

[18] *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514, 1517 (2017).

[19] Transfer Order at 7 (citing 28 U.S.C. § 1400(b)).

[20] *Id.* at 1.

[21] *Arizona*, 460 U.S. at 618, fn.8.

**ORDER**

Having reviewed the Motion to Retransfer, and for good cause appearing,

IT IS HERBY ORDERED that the Motion to Retransfer[22] is DENIED.

Dated December 8, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[22] Docket no. 98.